FLETCHER P. PRIVETT v. T. H. STEVENS, *et al.*

INJUNCTION *to Restrain Payment of Fees, Denied.* Where a person elected to the office of sheriff has duly qualified and demanded of his predecessor the office, which is refused, and thereafter brings an action in the nature of a *quo warranto* in the supreme court to oust his predecessor from the office, and pending the action, commences a proceeding in the district court of his county to obtain a temporary injunction against the board of county commissioners, the county clerk and district clerk of the county where such predecessor is acting as sheriff, to enjoin such officers from allowing or paying any costs or fees to his predecessor pending the contest in the supreme court, and such predecessor is no party to the proceeding, *held,* plaintiff is not entitled to a temporary order of injunction against defendants.

*Error from Harper District Court.*

INJUNCTION, brought by *Privett* against *Stevens* and two others, as commissioners of Harper county, and the county

clerk and district clerk of that county. The nature of the action, and the facts, appear in the opinion. July 28, 1881, at Hutchinson, Hon. Samuel R. Peters, judge of the district court, at chambers, made an order dissolving the temporary injunction made herein by the probate judge of Harper county. *Privett* brings error to this court.

*Grove & Shepard,* for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: Fletcher P. Privett was elected at the November election of 1880 to fill a vacancy in the office of sheriff of Harper county. The board of commissioners refused to canvass the returns of the election until ordered so to do by a peremptory writ of mandamus issued out of this court. Owing to this delay, Privett did not qualify as sheriff until the 18th of May, 1881. He then demanded the office and records from his predecessor, Charles D. Bickford, who refused to give him possession of the office, refused to surrender the records, and continued in the discharge of the duties thereof. Thereupon Privett instituted in this court an action in the nature of a *quo warranto,* to oust Bickford from the possession of the office, and obtain possession himself. In June, 1881, while the action of *quo warranto* was pending in this court, Privett commenced this proceeding against the commissioners of Harper county, the county clerk and district clerk of that county, asking that an injunction be granted pending the action in this court, to enjoin the defendants from allowing any claim, or paying any money to Bickford, or his deputy, as fees, costs or emoluments accrued or accruing for services performed by him as sheriff, after plaintiff qualified and demanded the possession of the office. On June 29, 1881 the probate judge of Harper county granted a temporary injunction, as prayed for in the petition of plaintiff. On the 28th of July, 1881, an application was made by the defendants to the district judge of Harper county, at chambers, to dissolve the temporary injunction granted by the probate court,

34 — 26 KAS.

for various reasons, among others, that Bickford was not a party defendant; and because the facts recited in the petition, affidavit and order did not entitle the plaintiff to the relief obtained. We think the court below rightly dissolved the injunction. The action seems to have been brought merely to restrain the defendants from paying to the acting sheriff the fees, costs and emoluments claimed by him as sheriff during the pendency of the action of *quo warranto* in this court. In that action, no claim for fees or damages was demanded, and in the petition filed in this case there is no claim for the recovery of any fees or damages by Privett. Bickford is not a party to this proceeding. The plaintiff does not seek a permanent injunction. The proper parties were not before the the court, for clearly Bickford's legal rights were sought to be affected in an action to which he was not a party pending other proceedings against him in another court. No such practice can be sustained, and we must affirm the order of the district court.

All the Justices concurring.